# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCUS L. LINTHECOME,

    Plaintiff,

v.

ALFARO, et al.,

    Defendants.

Case No. 1:17-cv-00872-SKO (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDERING PLAINTIFF TO PAY THE FILING FEE**

**(Doc. 10)**

**TWENTY-ONE (21) DAY DEADLINE**

## I. <u>INTRODUCTION</u>

Plaintiff, Marcus L. Linthecome, filed a this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court in the Northern District of California on April 12, 2017. On May 24, 2017, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 10), as well as his consent to magistrate judge jurisdiction (Doc. 11). On June 30, 2017, the case was transferred to this Court since the Complaint describes events that occurred at North Kern State Prison ("NKSP") in Kern County, where the named defendants are located. (Doc. 14.) Since Plaintiff has three strikes under § 1915 and his allegations fail to show imminent danger of serious physical injury at the time he filed the suit, his application to proceed *in forma pauperis* is DENIED.

## II. <u>THREE-STRIKES PRIVION OF 28 U.S.C. § 1915</u>

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III. DISCUSSION

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of three of Plaintiff's prior actions: *Linthecome v. Deputy Lillo,* 2:11-cv-00100-UA-AJW, which was dismissed on January 21, 2011, for failure to state a claim; *Linthecome v. Unknown,* 2:11-cv-04184-UA-AJW, which was dismissed on June 28, 2011, for failure to state a claim; and *Linthecome v. CDCR Parole Agents, et al.,* 2:11-cv-05708-UA-AJW, which was dismissed on July 26, 2011, as frivolous, malicious, and for failure to state a claim. Plaintiff is thus subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless he demonstrates that at the time of filing this action, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's allegations are based on allegations that Defendant Castaneda increased Plaintiff's "Static-99 score" which has caused him to be targeted by law enforcement and subsequently falsely arrested and incarcerated four times. (Doc. 1, pp. 4-7.) Plaintiff seeks monetary damages in addition to correction of his Static-99 score, release from custody, and relief from further parole. (*Id.*, p. 7.) None of Plaintiff's allegations demonstrate that he was under an imminent danger at the time he filed this action. In fact, although he alleges that the tampering of his Static-99 score occurred at NKSP, Plaintiff was at the West Valley Detention Center in Rancho Cucamonga, California when he filed this action. (*See id.*, p. 1.) Thus, even if these circumstances amounted to imminent danger, Plaintiff was not subjected to it when he filed this action since he was no longer held at NKSP. *Andrews*, at 1053.

Based on the foregoing, the Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass the restriction of § 1915(g) on filing suit without prepayment of the filing fee since he previously received three strikes. Plaintiff may not proceed

*in forma pauperis* and must submit the appropriate filing fee in order to proceed with this action.

**IV.     ORDER**

The Court HEREBY ORDERS that:

1. Plaintiff's motion to proceed *in forma pauperis*, filed on May 24, 2017, (Doc. 10), is DENIED;

2. Within twenty-one (21) days of the date of service of this order, plaintiff is required to pay in full the $400.00 filing fee for this action;

3. Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice; and

4. The Clerk's Office shall send Plaintiff a habeas corpus petition form.[1]

IT IS SO ORDERED.

Dated:     **July 14, 2017**                                   /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that Plaintiff may wish to pursue his allegations as an action in habeas corpus as one of the documents attached to the Complaint was titled as such. (*See* Doc. 1, p. 8.)